UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6011-CR-WPD
Magistrate Judge Snow

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JAMES FRANCIS,
    Defendant.
_____/

### DEFENDANT FRANCIS' MOTION TO SUPPRESS
### IN AND OUT-OF-COURT IDENTIFICATIONS

The defendant, James Francis, moves to suppress all in and out-of-court identifications made, and to be made, by Brian Smith, a witness for the government, as being unduly suggestive, unreliable, and thus violative of the defendant's right to due process.

### FACTS SUPPORTING RELIEF

On June 28, 1999, Brian Smith was targeted in an undercover crack cocaine deal set up by federal authorities. Shortly thereafter he became a government informant, providing information and making undercover deals himself. One such deal occurred during the evening hours of September 24, 1999, when Smith entered a van to buy a small quantity of crack from a black male he had heard was called "Papa." Law enforcement's surveillance of the van failed and no evidence identifying Papa or the van was obtained. Papa just drove away.



Prior to the deal the investigators had shown Smith a binder notebook containing dozens of pictures of different drug suspects. The purpose of this procedure–well known to Smith–was to identify drug offenders that the investigators had, or would soon, target for prosecution. Photographs were added and removed from the notebook constantly and little or no records were kept unless Smith actually made an identification. Each time that Smith saw the notebook he told investigators that Papa's photo was not there.

However, on or about September 27, 1999–three days after the deal with Papa–the investigators placed at least one picture of the defendant in the notebook. That same day Smith was shown the notebook and identified the defendant as Papa. On the strength of this identification alone the defendant was indicted for cocaine possession with distributive intent. It is expected that Smith will attempt to make an in-court identification of the defendant and that such testimony will be the government's principle, if not only, evidence of guilt.

## MEMORANDUM OF LAW

The Eleventh Circuit requires a two-part test for admitting identification evidence. The court must first inquire whether law enforcement used an impermissibly suggestive identification procedure. *Blanco v. Singletary*, 943 F.2d 1477 (11th Cir. 1991), *cert. denied*, 504 U.S. 943 (1991); *United States v. Beale*, 921 F.2d 1044 (11th Cir.), *cert. denied*, 502 U.S. 829 (1991). If so, the court must then determine whether the identification was reliable. *Id.* Factors to be considered include the opportunity to view the

2

suspect during the crime, the witness' degree of attention, the accuracy of the prior description of the suspect, the certainty of the identification, and the time between the crime and the identification. *Id.*

Generally, photo displays or live lineups are not considered suggestive when care is used to make sure that all subjects in the procedure have similar physical characteristics. *United States v. Langley*, 848 F.2d 152 (11th Cir. 1988); *Cikora v. Dugger*, 840 F.2d 893 (11th Cir. 1988). However, nothing of the sort occurred in this case. First, the agents kept no records of which photos were in the notebook at the time Smith identified the defendant, so it is impossible to tell if there was a fair photo display. Second, Smith was told that everyone in the notebook was a drug suspect, a practice condemned because it encouraged him to make an identification. *See United States v. Lewin*, 900 F.2d 145 (8th Cir. 1990) (Undercover agent's identification of drug seller from photos was unduly suggestive where agent was told persons depicted were arrested at location where drugs sold). Third, Smith had already seen the photos in the notebook and determined that they were not Papa, so there really was no display at all. The procedure was tantamount to showing a single photograph and asking, "is this him?"

One person on the scene immediate "show-ups" are obviously flawed, but tolerable provided the investigators do not aggravate the inherent suggestiveness of the procedure. *Blanco v. Singletary*, *supra*; *Johnson v. Dugger*, 817 F.2d 726, 729 (11th Cir. 1987). However, the defendant's research has not revealed a single authority approving a one person "photo show-up" days after the crime. To the contrary, such practice appears

3

to be universally condemned, *e.g. Manson v. Brathwaite*, 432 U.S. 98 (1977); *Marsden v. Moore*, 847 F.2d 1536 (11th Cir.), *cert. denied*, 488 U.S. 983 (1988), even when the witness is technically shown other photographs. *O'Brien v. Wainwright*, 738 F.2d 1139, 1140-41 (11th Cir.1984) (witness showed black and white photos of other subjects but defendant's photo was color).

In this case there may be factors which weigh in favor of reliability--the identification took place shortly after the crime and Smith was in a van with the perpetrator. However, it was at night, and even a good opportunity to observe does not alone mean that a witness' identification is reliable. *Williams v. Armontrout*, 877 F. 2d 1376 (8th Cir.), *cert. denied*, 493 U.S. 1082 (1989). Moreover, one other factor present in this case strongly shows unreliability.

Smith was highly motivated to make an identification. He was an informant "working off" his own drug bust, and he tried several times to identify Papa for the agents. Smiths' motivation was thus much greater--and of a completely different nature--than an ordinary witness' desire to see a crime solved.

In *United States v. Johnson*, 114 F.3d 435 (4th Cir. 1997), the Fourth Circuit was confronted with a similarly motivated witness. Johnson was charged with bank robbery, and he was "identified" in a one photo display by an alleged accomplice who had just announced in court that he would be cooperating with the government. The Fourth Circuit found that the identification was unduly suggestive, but permitted the in-court

4

identification because, among other factors, the accomplice knew with whom he was committing the crime.

This case, of course, is much worse than *Johnson*. Smith did not know Papa, and both he and the agents thought that Papa would be identified by the surveillance. But the case did not turn out that way. Quite unexpectedly, Smith's testimony is the key evidence in the case and quite surprisingly, the agents chose a highly suggestive identification procedure knowing that their witness was highly motivated. This Court must now suppress all identifications of the defendant by Smith.

### CERTIFICATE OF SERVICE

I certify that a copy hereof was furnished to: Ed Ryan, United States Attorney Office, 500 E. Broward Boulevard, Ft. Lauderdale, FL 33301, by United States Mail on March 21, 2000.

Respectfully Submitted,

MICHAEL ZELMAN
Counsel for Defendant
201 Alhambra Circle, Suite 701
Coral Gables, Florida 33034-5108
Telephone: (305) 358-1600
Fax Number: (305) 447-1290

_____
Michael Zelman
Florida Bar Number 241733